CODDINGTON ET AL. *vs.* TUPPER ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The sale of property by a debtor to his creditor in payment of a debt pre-
viously due, and which is made on the eve of the debtor's failure, confers
no title on the buyer.

The facts are stated in the opinion of the court, delivered
by MATHEWS, J.

In this case the plaintiffs claim one hundred and thirty barrels of pork as their property, which they allege are wrongfully withheld from them by the defendants. The whole number was sequestered: fifty-seven in the hands of Wallace, Lambeth & Pope, and seventy-three in the possession of the inspector, Bozant. These were given up to the plaintiffs by order of the defendants, as appears by the return of the sheriff on the writ of sequestration. They state in their answer that they received the pork in question as commission merchants, to sell for the plaintiffs, and that in that capacity they sold and delivered to one Arthur Gilman, fifty-seven barrels; and further allege, that the plaintiffs are largely indebted to them. Gilman intervened, and claimed that part of the pork which he alleged had been sold to him as a purchaser in good faith, and for a just price actually paid at the time of purchasing.

The cause in the court below seems to have been tried solely on the issue made between the plaintiffs and intervenor, and the judgement there rendered being in favor of the latter, the former appealed.

The evidence of the case does not clearly show whether the plaintiffs were indebted to the defendants or not at the time the latter received the pork on consignment. But it is shown that about the time or previous to the sale made to the intervening party, the consignors had lost confidence in the mercantile standing of the consignees and countermanded the authority of the latter to sell their property; and this to the knowledge of Gilman the purchaser of the fifty-seven barrels of the pork, before it was delivered to him. In truth, it is evident from the testimony that the transfer of this property was not made under an ordinary sale for which a price was received at the time, but to secure to the purchaser or his brother, the sum of five hundred and thirty dollars, which had been previously lent to the factors; and this transaction took place only forty-eight hours before their failure. In truth, the delivery of this pork was a *dation en paiment*.

From the whole tenor of the evidence, we have no doubt of the pretended sale having been made in fraud of the rights

Eastern Dis.
June, 1832.

CODDINGTON
ET AL.
vs.
TUPPER ET AL.

The sale of property by a debtor to his creditor in payment of a debt previously due, and

EASTERN DIS.
June, 1832.

of the plaintiffs and to protect the interests of a favorite creditor of the defendants. This sale was made on the 24th of March, 1831. On the 25th, when the purchaser called for the order to the inspector to deliver to him the property, he was informed by one of the defendants that the owners had countermanded the authority of the consignees, and on the next day they failed. Under such circumstances, the buyer did not acquire a legal title to the pork thus received in payment of a debt previously due.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and it is further ordered, adjudged, and decreed, that the plaintiffs do recover from the intervenor, the fifty-seven barrels of pork which he obtained illegally from the defendants, or their value, six hundred and thirty-four dollars and seventy-five cents, with costs in both courts.

*Sterrett*, for appellants.    *McCaleb*, for appellees.